**DALLAS/FORT WORTH INTERNA-TIONAL AIRPORT BOARD,**
Appellant,

v.

**ASSOCIATION OF TAXICAB OPERATORS, USA,**
Appellee.

No. 05–10–00209–CV.

Court of Appeals of Texas, Dallas.

Dec. 29, 2010.

362

Jerry L. Beane, Andrews Lurth, L.L.P., Dallas, TX, for Appellant.

Kelly D. Hollingsworth, Travis Calhoun & Conlon, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MOSELEY.

This is an accelerated, interlocutory appeal from a temporary injunction prohibiting appellant, the Dallas/Fort Worth International Airport Board, from enforcing its "Taxicab Compressed Natural Gas Incentive Program Policy" ("CNG policy").[1] We conclude this appeal seeks an advisory opinion from this Court and that the parties before us have delayed the trial of the merits of the case below as part of that effort. For those reasons, we dismiss this appeal.

## I. BACKGROUND

In November 2009, the Airport Board passed a resolution[2] approving the CNG policy. The policy would grant taxicabs utilizing dedicated CNG-powered engines head-of-the-line privileges for dispatch at the airport's Central Taxicab Queue and permit them to go directly to the dispatch window for immediate dispatch without delay. The policy was justified as a program to reduce ozone-causing emissions pursuant to state and national air quality improvement plans.

Appellee, Association of Taxicab Operators, USA, filed a declaratory judgment action against the Airport Board. It challenged the CNG policy as void and unenforceable and requested temporary and permanent injunctive relief, attorney's fees, and costs. The Association alleged the Airport Board did not have the authority to enact the CNG policy because the Airport Board had the statutory authority to enact and implement only policies "necessary" to operate the airport, which this policy was not. The Association also alleged that, even if the Airport Board had the authority, the CNG policy was not properly enacted because the resolution required the approval of the cities of Dallas and Fort Worth, and there had been no such approval. The Association also demanded a jury trial.

The Airport Board answered, alleging that the Association did not have standing to assert its claim and that the Airport Board had authority under the transportation code and its Code of Rules and Regulations to adopt the CNG policy without the cities' approval. The Airport Board requested that the Association take nothing, all claims be dismissed with prejudice, and it be awarded costs, fees, and expenses incurred.

The trial court entered a temporary restraining order, which was subsequently dissolved. The trial court held a hearing on the request for temporary injunction on January 25, 2010. After hearing evidence and argument, the trial court granted the Association's motion and signed a temporary injunction. The temporary injunction, signed January 27, 2010, enjoined the Airport Board from implementing or enforcing the CNG policy,[3] set a $100 bond

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (West 2008) (providing for interlocutory appeal of grant of temporary injunction); *see also id.* § 65.011 (providing grounds for writ of injunction); TEX.R.APP.P. 26.1(b), 28.1.

2. Resolution number 2009–11–230.

3. Specifically, the temporary injunction restrained and enjoined the Airport Board ("Defendant") as follows:

   (a) Defendant is restrained and enjoined from allowing taxicabs permitted at DFW Airport which utilize CNG powered engines to be given "head-of-the-line" privileges for dispatch at the Central Taxicab Queue;
   (b) Defendant is restrained and enjoined from allowing taxicabs permitted at DFW Airport which utilize CNG [p]ower to go directly to the dispatch window for immediate dispatch without delay;

for the temporary injunction, and set trial on the merits "with respect to the ultimate relief sought" for September 27, 2010.

The Airport Board appealed. After briefing in the case was completed on May 24, 2010, this Court gave notice on August 2, 2010, that the case was set for oral argument on September 29, 2010. At oral argument, both parties indicated to this Court that they agreed to continue the case from "the present setting because of this appeal."

## II. APPLICABLE LAW

To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). The only issue before the trial court in a temporary injunction hearing is whether the applicant may preserve the status quo of the suit's subject matter pending trial on the merits. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *Hiss v. Great N. Am. Cos.*, 871 S.W.2d 218, 219 (Tex.App.-Dallas 1993, no writ). Thus, the merits of the underlying case are not presented for appellate review in an appeal from an order granting or denying a temporary injunction. *Brooks v. Expo Chem. Co.*, 576 S.W.2d 369, 370 (Tex.1979).

Appellate review of an order granting or denying a temporary injunction is strictly limited to determining whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis*, 571 S.W.2d at 861–62; *Hiss*, 871 S.W.2d at 219; *Recon Exploration, Inc. v. Hodges*, 798 S.W.2d 848, 853 (Tex.App.-Dallas 1990, no writ).

> Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ [of injunction] and its order will be reversed only on a showing of a clear abuse of discretion.... There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it.

*Transp. Co. of Tex. v. Robertson Transps., Inc.*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953) (citations omitted).

Further, a party may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits. *See Hiss*, 871 S.W.2d at 219 (citing *Iranian Muslim Org.*, 615 S.W.2d at 208); *Recon Exploration, Inc.*, 798 S.W.2d at 853. This Court has no jurisdiction to issue advisory opinions. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000) (per curiam).

## III. DISCUSSION

We dismiss this appeal for two reasons. The logic and rationale supporting these two reasons overlap; however, each—standing alone—is sufficient to require dismissal.

### A. Advisory Opinion on the Merits

The Airport Board asserts three issues on appeal.[4] The essence of the

---

(c) Defendant is restrained and enjoined from taking further action in implementation or enforcement of Resolution 2009–11–230.

4. Specifically, the Airport Board's issues are: whether it has the statutory authority to adopt a clean energy incentive policy for taxicabs at the airport; whether its Code of Rules and

Airport Board's issues is that it has the authority—under statute or under its rules and regulations—to institute the CNG policy and that its doing so was not a clear abuse of local government discretion. It does not contest any of the other findings and conclusions made by the trial court in support of its order and set forth in the temporary injunction.[5] Thus, the Airport Board attacks only the "probable right to recover" element necessary to support the entry of a temporary injunction. *See Butnaru*, 84 S.W.3d at 204.

As noted earlier, however, an appeal of an order granting or denying a temporary injunction does not present the merits of the underlying case for appellate review. *See Brooks*, 576 S.W.2d at 370. A party may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits. *See Hiss*, 871 S.W.2d at 219 (citing *Iranian Muslim Org.*, 615 S.W.2d at 208); *Recon Exploration, Inc.*, 798 S.W.2d at 853.

Furthermore, no final judgment exists for this Court to affirm or reverse. However we dispose of this appeal, the trial court will still have to resolve the case on the merits and render a final judgment, which will be subject to appeal. Therefore, any determination we may make as to the issues presented by the Airport Board in this appeal would be advisory. We decline to reach the merits of the Airport

Board's arguments until the trial court has an opportunity to consider them and issue a final judgment. *See Valley Baptist Med. Ctr.*, 33 S.W.3d at 822 (appellate court has no jurisdiction to issue advisory opinions).

The Airport Board stated at oral argument that the only issue before the trial and appellate courts was a legal issue concerning the Airport Board's authority to adopt the CNG policy, and that the record was fully developed and the legal issue presented to the trial court. However, a temporary injunction hearing is not a substitute for a trial on the merits, nor does it serve the same purpose. The January 25, 2010 hearing was a preliminary hearing to determine whether a temporary injunction should be issued pending a determination of the suit on its merits. Even though both parties presented arguments and evidence relating to the merits of the Association's declaratory judgment cause of action, that hearing was not a trial on the merits of the underlying lawsuit, and the trial court did not render final judgment. This Court will not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits. *Davis*, 571 S.W.2d at 862 (citing *Houston Belt & Terminal Ry. Co. v. Tex. & New Orleans R.R. Co.*, 155 Tex. 407, 289 S.W.2d 217, 220 (Tex. 1956), and *Transp. Co. of Tex.*, 261 S.W.2d at 553).[6]

---

Regulations provides authority for it to adopt a clean energy incentive policy for taxicabs at the airport; and whether the adoption of the clean energy incentive policy for taxicabs at the airport was a clear abuse of local government discretion.

5. Specifically, those include findings that the Association had standing to bring its cause of action; the Association stated a valid declaratory judgment action challenging the CNG policy; the Association and its members would suffer irreparable harm without injunctive relief and had no adequate remedy at

law; the Association's injuries would outweigh any injury to the Airport Board on issuance of the injunction; the temporary injunction would not "disserve" the public interest; and the status quo that existed before the Airport Board began implementing and enforcing the CNG policy should be reinstated and maintained in the public interest.

6. Moreover, were we to render a final judgment on the merits based on this appeal, we would also improperly circumvent the Association's right to a jury trial on any factual

.Even if it is ultimately determined that the only issues in the underlying suit are questions of law, those questions "can only be determined from a review of the entire record after a full and final hearing in the trial court. . . . The entire record is not made until a trial on the merits has been had." *Transport Co. of Tex.*, 261 S.W.2d at 553 (citations omitted).

The temporary injunction undoubtedly interferes with the Airport Board's claimed right to adopt and enforce the CNG policy. However,

> our system of procedure is such that legal rights cannot be finally determined upon a hearing relating to the wisdom or expediency of issuing a status quo order. Deliberate action is essential for the accurate determination of legal rights and upon occasion this can be secured only by issuing a temporary decree protecting a status quo.

*Sw. Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 421 (1959).

This does not mean delays involved in the deliberative process are inevitable. The rules of civil and appellate procedure, along with the discretion a trial court exercises in connection with its docket proce-

dures, are sufficient to minimize or even eliminate any delays attendant to a suit seeking injunctive relief.[7]

Ordinarily we would not reach—or would dismiss outright—the issues on appeal seeking an advance ruling on the merits of the underlying case and address only the other issues relating to the issuance of a temporary injunction. As noted earlier, however, the Airport Board does not contest any of the other findings and conclusions made by the trial court in support of its order. Our refusal to issue an advisory opinion ordinarily would leave us nothing else to review. However, matters of judicial economy compel us to address another matter arising in the context of this appeal.

## B. Continuance of Scheduled Trial

An appeal of a temporary injunction "shall constitute no cause for delay of the trial." TEX.R. CIV. P. 683. However, at oral argument, both parties responded to questions from the panel by indicating that the parties had agreed to postpone the September 27 hearing pending a decision from this Court in this appeal. The Airport Board stated that the parties had agreed to move the September 27, 2010

---

issues in dispute. *See Davis*, 571 S.W.2d at 862.

**7.** As the supreme court stated:
> Generally the most expeditious way of obviating the hardship and discomfiture [sic] of an unfavorable preliminary order is to try the case on its merits and thus secure a hearing wherein the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of controversies.

*Sw. Weather Research, Inc.*, 327 S.W.2d at 422. This Court has observed:
> The best practice is for the trial judge to set an early trial on the merits, giving it precedence over other cases, at the time he grants a temporary injunction. . . . Such a practice will obviate most interlocutory appeals. Indeed, the judge can often induce

the parties to agree to the terms of a temporary order without presentation of evidence if they are assured that it will be in force only until a trial set within a few weeks. *Reeder v. Intercont'l Plastics Mfg. Co.*, 581 S.W.2d 497, 499 (Tex.Civ.App.-Dallas 1979, no writ) (citations omitted). As noted in another case, the parties may also "agree to waive the separate trial, combine the two proceedings, and try the temporary and permanent injunction in the same trial. . . . If the parties can't agree, the trial court should advance the trial on the merits so as to eliminate two hearings and two appeals. . . ." *Iranian Muslim Org.*, 615 S.W.2d at 208–09 (citations omitted). Or if either party is convinced no issues of fact exist, it may move for summary judgment under the rules of procedure.

trial setting to January 2011 "because of the pending appeal." The Association agreed that the case was postponed for trial based on "[a]waiting an outcome of the case up here."

We have considered and disapproved of this tactic several times in the past. *See, e.g., Reeder,* 581 S.W.2d at 499 (condemning practice of delaying trial on merits pending appeal of temporary injunction, and citing four cases from this Court). We also addressed this issue in *Hiss,* 871 S.W.2d at 219–20, in which one party requested a continuance to allow this Court to render a decision on issues involving the merits of the underlying case and the other party neither agreed nor disagreed with the relief requested. And in another case earlier this year, *Brar v. Sedey,* 307 S.W.3d 916, 920 (Tex.App.-Dallas 2010, no pet.), we discussed *Hiss* at length and once again explained our position concerning such tactics.[8] None of the parties' briefs reference *Brar, Hiss,* or *Reeder,* or otherwise explain why we should condone the actions of the parties in delaying the trial of the underlying case in an effort to obtain an opinion from this Court in this interlocutory appeal.

■ "Trial courts are to be encouraged to proceed expeditiously from the granting or denying of temporary injunctive relief to full consideration of the merits so as to reduce the necessity for interlocutory appeals." *Coal. of Cities for Affordable Util. Rates v. Third Court of Appeals,* 787 S.W.2d 946, 947 (Tex.1990) (per curiam) (orig. proceeding). For the parties to seek and the trial court to grant an abatement, stay, or continuance in the trial court while the court of appeals considers an interlocutory appeal increases delay and expense. *See Hiss,* 871 S.W.2d at 219 (citing *Coal. of Cities,* 787 S.W.2d at 947). Judicial economy dictates that we not reward such efforts.

## IV. CONCLUSION

Without addressing the merits of the Airport Board's issues on appeal, we dismiss this appeal.

---

8. We quote *Brar* extensively for emphasis:

In *Hiss* ..., this Court dismissed as frivolous an interlocutory appeal from a temporary injunction order when the parties delayed the trial on the merits to obtain a ruling on appeal. We instructed that parties "may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits" and that the appeal of a temporary injunction "should not be cause for trial delay." We explained that, often, "the fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits." ... We admonished trial courts and litigants to "proceed expeditiously from the grant or denial of temporary injunctive relief to full consideration of the merits to reduce the need for interlocutory appeals." ...

Four years after *Hiss* issued, the Texas Legislature amended the statute governing interlocutory appeals, section 51.014, to stay commencement of trial pending resolution of the appeal.... Then, in 2001, the Legislature again amended the statute, this time to except appeals from temporary injunction orders from the automatic stay....

Given that temporary injunction orders are expressly excluded from the automatic stay provisions of section 51.014, we conclude that *Hiss* retains its precedential value. Here, appellants are seeking a final disposition of their case by way of an interlocutory order when they could have proceeded to trial and, if unsuccessful, appealed from a final judgment in less time than it took to bring this case to oral argument....

*Brar,* 307 S.W.3d at 920 (citations omitted).