**SENTER INVESTMENTS, L.L.C. and Ronald H. Dalton, Appellants,**

v.

**Amirali & Asmita VEERJEE and Al–Waahid, Inc., Appellees.**

No. 05–11–00718–CV.

Court of Appeals of Texas, Dallas.

Jan. 24, 2012.

Charles W. Blount, III, Rick L. Lambert, Underwood Perkins, P.C., Jeremy C. Martin, Malouf & Nockels, LLP, Dallas, TX, for Appellants.

Michael D. Donahue, Friedman & Feiger, L.L.P., Dallas, for Appellees.

Before Justices MOSELEY, FITZGERALD, and MYERS.

## OPINION

Opinion By Justice MOSELEY.

This is an accelerated, interlocutory appeal from a temporary injunction prohibiting the sale of property that is alleged to be subject to a right of first offer in a lease agreement. Before the trial court granted the temporary injunction, it compelled the parties to arbitration pursuant to an arbitration provision in the lease agreement and the motion of one of the parties. For the reasons set forth herein, we conclude the temporary injunction is not void. We further conclude that the remaining issues asserted seek an advisory opinion from this Court and that appellants—and perhaps all parties—have delayed resolving the merits of their dispute through the arbitration as part of that effort. We af-

firm the temporary injunction as to—and only as to—the complaint that it is void. We decline to reach any further issue.

## Background

Appellees Amirali and Asmita Veerjee and Al–Waahid, Inc. (the "Veerjees") leased commercial property from appellant Senter Investments, L.L.C.[1] The lease agreement gives the Veerjees a right of first offer to purchase the property in the event Senter agreed to sell the property to a third party. Another provision states the tenant's exclusive remedy for the landlord's default is an action for damages. And yet a third provision gives Senter, at its option, the right to resolve any dispute about its breach of the lease by binding arbitration under the commercial arbitration rules of the American Arbitration Association.

The Veerjees contend that Senter breached the lease by entering into a contract to sell the property to a third party without recognizing the Veerjees' right of first offer. They filed suit seeking a declaratory judgment, damages for breach of contract and fraud, and a temporary injunction to prevent the sale of the property to a third party. Senter moved to compel arbitration and to abate the trial proceedings.[2] After a hearing, the trial court granted the motion to compel arbitration, but took the motion to abate under advisement until the temporary injunction hearing.

Several days later, after the temporary injunction hearing, the trial court signed an order granting the temporary injunction and the motion to abate. The temporary injunction order enjoins Senter from, *inter alia,* selling the property to anyone other than the Veerjees. The order abates the trial and all proceedings other than enforcement of the injunction pending completion of the arbitration proceedings. The order contains a blank for setting the case for trial on the merits, but the blank is not filled in. *See* Tex.R. Civ. P. 683 (requiring all temporary injunctions to include an order setting the case for trial on the merits).

Senter filed this interlocutory appeal from the temporary injunction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(4) (West 2008). In five issues, it contends: (1) the trial court abused its discretion by disturbing the status quo; (2) the trial court enforced part of the lease, the arbitration provision, but ignored the exclusive remedy provision by granting a temporary injunction; (3) the trial court's temporary injunction "necessarily prejudges a part of the lease which is subject to the arbitration proceeding"; (4) the temporary injunction does not adequately explain why the Veerjees have no adequate remedy at law, especially in light of the exclusive remedy provision; and (5) the temporary injunction is void because it does not include a trial setting.

## APPLICABLE LAW

The merits of the underlying controversy are not presented in a tempo-

---

1. Appellant Ronald H. Dalton is a principal in Senter Investments, L.L.C.

2. In their response to the motion, the Veerjees requested interim orders pending the arbitration, but cited the section of the civil practice and remedies code applicable to international arbitrations. *See* Tex Civ. Prac. & Rem.Code Ann. § 172.175 (West 2011) (authorizing district court to issue interim orders before or during international arbitrations). However, section 171.086 grants a trial court similar powers with regard to general arbitrations. That section authorizes a trial court, before, during, or after an arbitration proceeding, to "restrain or enjoin: (A) the destruction of all or an essential part of the subject matter of the controversy." Tex. Civ. Prac. & Rem.Code Ann. § 171.086(a)(3)(A), (b)(1) (West 2011).

rary injunction proceeding and a party may not use an appeal of a temporary injunction to obtain an advance ruling on the merits. *See Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA,* 335 S.W.3d 361, 364 (Tex.App.-Dallas 2010, no pet.). We have no jurisdiction to issue advisory opinions. *See id.*

■ Further, parties may not delay resolution of the merits of their dispute to await the outcome of an interlocutory appeal of a temporary injunction. *See id.* at 366–67; *see also, Barnett v. Griego,* 337 S.W.3d 384, 387 (Tex.App.-Dallas 2011, no pet.) ("Such a practice delays the ultimate resolution of the merits of the parties' dispute and wastes judicial resources."). Except for a brief period during which the interlocutory appeal statute stayed trial during all interlocutory appeals,[3] we have

repeatedly emphasized, following long-standing supreme court precedent, that the fastest way to obviate the hardship of an unfavorable preliminary order is to try the case on the merits. *See, e.g., Dallas/Fort Worth Int'l Airport Bd.,* 335 S.W.3d at 366 n. 7.[4]

■ An additional consideration in this case is the parties' agreement to arbitrate. Both the Federal Arbitration Act (FAA) and the Texas Arbitration Act (TAA) encourage enforcement of valid agreements to arbitrate disputes.[5] *See* 9 U.S.C. §§ 1–16 (2006); Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–.098 (West 2011). The Texas Supreme Court has recognized arbitration as an efficient, cost-effective, and speedy means of resolving disputes. *See In re Olshan Foundation Repair Co.,* 328 S.W.3d 883, 893 (Tex.2010)

---

3. In 1997, the legislature amended the interlocutory appeal statute to stay the commencement of trial pending resolution of the interlocutory appeal. Act of May 27, 1997, 75th Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. laws 4936, 4937. In 2001, the legislature excluded *temporary injunction appeals* from the automatic stay. Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3575, 3575 (current version at Tex Civ. Prac. & Rem.Code Ann. § 51.014(b) (West 2008)).

4. The supreme court has long encouraged parties and trial courts to move forward with trial on the merits to resolve any burden from a temporary injunction. *See Sw. Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 422 (Tex.1959) ("Generally the most expeditious way of obviating the hardship and discomforture [sic] of an unfavorable preliminary order is to try the case on its merits and thus secure a hearing wherein the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of controversies."). More recently, the supreme court said, "We are here constrained to observe that this case should have been tried on the merits in the trial court long before now." *Iranian Muslim Org. v. City of San Antonio,* 615 S.W.2d 202, 208–09 (Tex.1981) (noting that if the case had

proceeded to trial, "[n]ot only would judicial resources have been conserved, but equally importantly, the parties would have obtained the speedier resolution of their dispute").

5. At argument, Senter asserted the FAA applies to the lease agreement. The lease agreement does not specify that the FAA applies to the arbitration provision and the transaction does not appear to involve commerce between the states. However, the FAA and TAA are not mutually exclusive. *See In re D. Wilson Const. Co.,* 196 S.W.3d 774, 779 (Tex. 2006) (orig. proceeding) (FAA preempts only contrary state law). Even where the FAA applies to substantive issues, we apply Texas law to procedural issues in arbitration proceedings. *See Nafta Traders, Inc. v. Quinn,* 339 S.W.3d 84, 99–100 (Tex.2011) (noting that the "Supreme Court concluded that the FAA's purposes and objectives are not defeated by conducting arbitration under state-law procedures different from those provided by the federal statute"); *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 268–69 (Tex.1992); *Alim v. KBR (Kellogg, Brown & Root)-Halliburton,* 331 S.W.3d 178, 181 (Tex.App.-Dallas 2011, no pet.). Because the issues before us involve procedural matters, we need not decide whether the FAA applies or whether it preempts contrary Texas law.

("we also recognize that arbitration is intended as a lower cost, efficient alternative to litigation"); *In re Poly–America, L.P.,* 262 S.W.3d 337, 347 (Tex.2008) ("arbitration is intended to provide a lower-cost, expedited means to resolve disputes"); *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 268 & n. 3, 269 (Tex.1992) ("the main benefits of arbitration lie in expedited and less expensive disposition of a dispute").

When a case is compelled to arbitration in Texas state courts, the case is typically stayed pending arbitration rather than dismissed, as it would be in federal court. *See CMH Homes v. Perez,* 340 S.W.3d 444, 450 n. 4 (Tex.2011). Thus, after granting a motion to compel arbitration,

> a stay is generally the only appropriate order for a state court with jurisdiction of all issues. Indeed, the Texas Arbitration Act states that "[a]n order compelling arbitration *must* include a stay" of the underlying litigation. During arbitration, a court order may be needed to replace an arbitrator, compel attendance of witnesses, or direct arbitrators to proceed promptly; after arbitration, a court order is needed to confirm, modify, or vacate the arbitration award. Consequently, dismissal would usually be inappropriate because the trial court cannot dispose of all claims and all parties until arbitration is completed.

*Id.* (quoting *In re Gulf Exploration, L.L.C.,* 289 S.W.3d 836, 840–41 (Tex.2009) (citations omitted)); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 171.021(c). Among the orders a trial court has jurisdiction to render before or during an arbitration proceeding is an injunction in support of the arbitration. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.086(a)(3), (b)(2) (allowing trial court to grant injunctions be-

fore or during arbitration proceedings and to enforce such orders); *Menna v. Romero,* 48 S.W.3d 247, 251 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.) (affirming temporary injunction, but reversing trial court's denial of motion to compel arbitration).

## IS THE TEMPORARY INJUNCTION VOID?

■ We address Senter's fifth issue first because it asserts the temporary injunction is void because it does not contain an order setting the case for trial on the merits. Rule 683 requires every order granting a temporary injunction to include such an order. TEX.R. CIV. P. 683; *see Qwest Commc'ns Corp. v. AT & T Corp.,* 24 S.W.3d 334, 337 (Tex.2000); *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.,* 715 S.W.2d 640, 641 (Tex.1986) (per curiam). However, because this case involves a temporary injunction pending arbitration, we must also consider the application of the TAA. *See Jack B. Anglin Co.,* 842 S.W.2d at 268–69.

■ Once Senter decided to invoke the arbitration provision and the trial court compelled arbitration, the trial proceedings were governed by the TAA as well as the rules of civil procedure. Under the TAA, the trial court was required to stay the trial proceedings pending arbitration, subject to its jurisdiction to grant orders under section 171.086, including an injunction. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.021(c), 171.086; *CMH Homes,* 340 S.W.3d at 450 n. 4.

■ The specific provisions of the TAA in this circumstance control over the rules of civil procedure; [6] therefore, the tempo-

---

6. "[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code § 22.004." *Jackson v. State Office of Admin. Hearings,* 351 S.W.3d 290, 298–

rary injunction order properly abated the trial court proceedings. Any trial setting would be abated pending the resolution of the arbitration proceeding and would serve little purpose. Because the TAA requires—and the temporary injunction expressly ordered-a stay of the case pending arbitration, the temporary injunction's failure to include an order setting the case for trial does not render it void.

We overrule Senter's fifth issue.

## REMAINING ISSUES

■ The remaining issues comprise yet another improper—and unnecessary—interlocutory appeal of a temporary injunction.[7] It is improper because it seeks an advisory opinion on the merits of the controversy. It is unnecessary because the parties have delayed the resolution of the merits of their controversy awaiting the outcome of the interlocutory appeal. While the logic and rationale of these two reasons overlap, either standing alone is sufficient to require dismissal of the appeal. *See Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 364.

## A. Advisory Opinion on the Merits

Here, the agreed method of resolving the merits of this case is through binding arbitration. At oral argument, we inquired about the status of that arbitration. Counsel for Senter stated his client had made the "strategic decision" not to commence the arbitration proceeding while this appeal was pending. Counsel for the Veerjees agreed that no arbitration has been filed, but pointed out that Senter had the sole right to invoke arbitration under the lease.[8] Thus, although the trial court compelled the parties to arbitrate this dis-

99 (Tex.2011) (quoting *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex.2000)); *see* Tex. Gov't Code Ann. § 22.004; *Few v. Charter Oak Fire Ins. Co.*, 463 S.W.2d 424, 425 (Tex.1971) ("[Where a] rule of the court conflicts with a legislative enactment, the rule must yield.").

The provisions at issue here were adopted as part of the TAA in 1965. *See* Act of May 29, 1965, 59th Leg., R.S., ch. 689, § 1, art. 235(G)(iii), (H)(ii), 1965 Tex. Gen. Laws 1593, 1597–98 (repealed, current version at Tex. Civ. Prac. & Rem.Code Ann. § 171.086(a)(3), (b)(2)). Rule 683 was amended in 1983 to require all temporary injunction orders to include a trial setting, but the TAA was not included in the list of statutes repealed by the adoption of the rule amendments. *See* Tex. S.Ct. Order Adopting Rules of Civil Procedure, Dec. 5, 1983, § 6 Rule 683, § 8 (reprinted in 47 Tex. B.J. 166 (1984) (special pull-out section, pp. 43, 45)); *see also* Tex. Gov't Code Ann. § 22.004(c) (supreme court to file a list of each general law that is repealed or modified in any way and list has same weight and effect as court decision); *Jackson*, 351 S.W.3d at 298–99.

7. *See Barnett v. Griego*, 337 S.W.3d 384, 387 (Tex.App.-Dallas 2011, no pet.); *Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 365–67 (Tex. App.-Dallas 2010, no pet.); *Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex.App.-Dallas 2010, no pet.); *Hiss v. Great N. Am. Co.*, 871 S.W.2d 218, 219 (Tex.App.-Dallas 1993, no writ); *Hilb, Rogal & Hamilton Co. v. Wurzman*, 861 S.W.2d 30, 35 (Tex.App.-Dallas 1993, no writ); *Recon Exploration, Inc. v. Hodges*, 798 S.W.2d 848, 853–54 (Tex.App.-Dallas 1990, no writ); *McCullars v. Van Winkle–Hooker Co.*, 611 S.W.2d 453, 454–55 (Tex.Civ.App.-Dallas 1980, no writ); *Reeder v. Intercont'l Plastics Mfg. Co.*, 581 S.W.2d 497, 499 (Tex. Civ.App.-Dallas 1979, no writ); *Charter Medical Corp. v. Miller*, 547 S.W.2d 77, 78–79 (Tex.Civ.App.-Dallas 1977, no writ); *Town Plaza Fabrics, Inc. v. Monumental Prop. of Tex., Inc.*, 544 S.W.2d 775, 776 (Tex.Civ.App.-Dallas 1976, no writ); *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 689 (Tex.Civ.App.-Dallas 1976, writ ref'd n.r.e.); *Crawford Energy, Inc. v. Tex. Indus., Inc.*, 541 S.W.2d 463, 468 (Tex.Civ.App.-Dallas 1976, no writ).

8. Counsel for Senter represented at oral argument that because the trial court had compelled arbitration, either party could now initiate arbitration.

pute on May 18, 2011, no arbitration proceeding has been filed.

Senter argues on appeal that the trial court abused its discretion by ignoring the unambiguous exclusive remedy provision in the lease and that the temporary injunction is contrary to that provision. Senter also contends the temporary injunction "prejudged a part of the contract by holding that the Veerjees had no adequate remedy at law." Both these issues go to the merits of the dispute. For example, Senter claims the lease agreement should be interpreted as a matter of law and that the "damages as exclusive remedy" clause precludes injunctive relief grounded on the inadequacy of the Veerjees' remedy at law.[9] However, the ruling on a temporary injunction is not a ruling on the merits; it merely determines whether the applicant has shown a probable right to relief and a probable, imminent, and irreparable injury in the interim until the trial court can resolve the merits. See Dallas/Fort Worth Int'l Airport Bd., 335 S.W.3d at 364–65.

Senter contends it made a strategic decision not to pursue the arbitration pending this appeal because the trial court prejudged the lease and, as it asserted during oral argument, it is entitled to a "clean slate" before the arbitrator. But Senter isn't seeking a clean slate. It seeks a decision on the merits that the Veerjees

are limited to a money-damage remedy under the terms of the lease, thus marking the slate in its favor. Presumably, Senter would seek to use such an advisory opinion from this Court to its advantage in a strategically-timed arbitration proceeding.

Moreover, any opinion by this Court as to the merits of the parties' arguments concerning the lease agreement would be advisory because such a ruling would not bind the parties.[10] Senter and the Veerjees agreed to submit—albeit at Senter's option—their dispute over the lease provisions to arbitration. Senter exercised that option and the trial court ordered the parties to arbitration. Yet, Senter seeks an advance ruling from this Court before proceeding with its agreed method of resolving such disputes. This is a request for an advisory opinion. See Dallas/Fort Worth Int'l Airport Bd., 335 S.W.3d at 365. And it is especially such a request when—as here—the parties have agreed to submit the merits of their dispute to binding arbitration.[11]

## B. Delay of Arbitration Proceedings

Despite their agreement and the trial court's order compelling arbitration, neither party has initiated the arbitration proceeding. Our decisions clearly indicate that an interlocutory appeal is no reason

---

9. The Veerjees argued in the trial court, among other things, that the exclusive remedy provision is unconscionable and unenforceable.

10. See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex.1993) ("The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties.").

11. Senter's argument that the lease is unambiguous and should be interpreted as a matter of law does not change the rule that the merits of the question of law are not presented in a temporary injunction proceeding. See

Dallas/Fort Worth Int'l Airport Bd., 335 S.W.3d at 365–66. We would normally defer any consideration of the merits until a final disposition by the trial court, see id., but here the parties agreed to an alternative means of determining the merits-binding arbitration. The parties agreed that all issues regarding the landlord's alleged breach of the lease, including questions of law, are to be submitted to binding arbitration and Senter has chosen to enforce that arbitration agreement. Thus, it is even more perplexing why the parties have failed to take advantage of the expedited and less costly arbitration proceeding to reach the merits.

for delaying trial on the merits and that the fastest way to cure any hardship from a preliminary order is to proceed expeditiously to a full consideration of the merits of the dispute. *See Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 366–67 (citing cases). We think this principle is just as applicable where the chosen method to resolve the dispute is arbitration.

Arbitration is an efficient, cost-effective, and speedy means of resolving disputes. *See Olshan Foundation Repair Co.*, 328 S.W.3d at 893. Had the parties proceeded with arbitration pursuant to their agreement and as compelled by the trial court, they would have conserved valuable judicial resources and obtained a speedier resolution of their dispute. *See Iranian Muslim Org.*, 615 S.W.2d at 209. For the parties to delay their chosen method of dispute resolution pending resolution of an interlocutory appeal only adds to the delay and expense they sought to avoid when they first agreed to arbitration. Judicial economy dictates that we not reward such efforts. *See Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 367.

## CONCLUSION

We overrule Senter's fifth issue and affirm the trial court's temporary injunction as against the argument that it is void because it did not include an order setting the case for trial. We decline to reach the remaining issues.