**Opinion filed October 8, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00028-CV

_____

**RATNA VASIREDDY BABU, Appellant**

**V.**

**INGRID N. ZEECK, Appellee**

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-139,003**

### O P I N I O N

This is an accelerated, interlocutory appeal from a temporary injunction. We conclude that, for the most part, this appeal seeks an impermissible advisory opinion from this court in the form of an advance ruling on the merits. We affirm the trial court's temporary injunction order.

### *Background Facts*

Ingrid N. Zeeck filed this suit against Ratna Vasireddy Babu alleging a breach of contract over Babu's attempt to convey real property located in Odessa. Zeeck

asserted that Babu breached Zeeck's purported right of first refusal concerning a conveyance of the subject property. Zeeck requested a temporary injunction to enjoin Babu from selling the property to a third party during the pendency of the underlying suit. The trial court granted Zeeck's request for a temporary injunction and enjoined Babu from transferring the subject property "until trial in the cause or until further order" of the trial court. Babu then filed a notice of appeal seeking an interlocutory appeal of the temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West 2015). A trial on the merits was initially scheduled for June 16, 2015, under the provisions of the temporary injunction order. The trial has now been postponed to October 19, 2015.

*Analysis*

To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The only issue before the trial court in a temporary injunction hearing is whether the applicant may preserve the status quo of the suit's subject matter pending trial on the merits. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Hiss v. Great N. Am. Cos.*, 871 S.W.2d 218, 219 (Tex. App.—Dallas 1993, no writ). Thus, the merits of the underlying case are not properly presented for appellate review in an appeal from an order granting or denying a temporary injunction. *Brooks v. Expo Chem. Co.*, 576 S.W.2d 369, 370 (Tex. 1979); *Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 364 (Tex. App.—Dallas 2010, no pet.). "Appellate review of an order granting or denying a temporary injunction is strictly limited to determining whether there has been a clear abuse of discretion by the trial

court in granting or denying the interlocutory order." *Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 364; *see Butnaru*, 84 S.W.3d at 204.

Babu presents two issues on appeal. In her first issue, Babu asserts that the evidence before the trial court at the temporary injunction hearing did not establish a probable right of recovery in favor of Zeeck. In support of her first issue, Babu asserts that the evidence failed to show that she was on notice of Zeeck's purported right of first refusal at the time she obtained her interest in the property. Additionally, Babu presents an analysis of various conveyances of the property involving Babu, Zeeck, and third parties dating back more than thirty years. Babu asserts in her second issue that the trial court misapplied the law to facts. She additionally asserts in her second issue that the temporary injunction "accomplished the entirety of Zeeck's lawsuit."

We first address Babu's contention that the temporary injunction accomplished the entirety of Zeeck's lawsuit. She bases this contention on the assertions that Zeeck sought specific performance of the right of first refusal and that the temporary injunction enforces all of the relief sought by Zeeck in the lawsuit. We disagree with Babu's interpretation of the applicable law.

The temporary relief awarded by a temporary injunction cannot be such as "to accomplish the object of the suit." *Tex. Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 464 (Tex. 1952); *see Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 657 (Tex. App.—Amarillo 2000, no pet.). "To do so is tantamount to adjudicating the litigants' respective rights without the benefit of a trial and, therefore, is error." *Friona*, 15 S.W.3d at 657. This principle is based upon a concern for timing and delay. The facts in *Friona* illustrate this principle. The case involved a high school senior that had been suspended from his school baseball team by the school district. *Id.* at 656. His parents sought and obtained a temporary injunction reinstating him to the team. *Id.* A final trial on the merits was

3

not scheduled until after he would have completed his last season of baseball. *Id.* at 659. The Amarillo Court of Appeals concluded that the trial court's temporary injunction accomplished the object of the suit in violation of the tenets of *Texas Foundries,* because "the heart of the controversy" was the student's opportunity to play baseball, yet the case was not set for trial until after the season would be concluded. *Id.*

Unlike the situation in *Friona*, the right that Zeeck sought to protect was not one of limited duration. The temporary injunction entered by the trial court did not accomplish the entirety of Zeeck's lawsuit because it was limited in duration—"until trial in the cause or until further order." The temporary injunction served the purpose of preserving the status quo between the parties pending a final trial on the merits. The portion of Babu's second issue complaining that the temporary injunction accomplished the entirety of Zeeck's lawsuit is overruled.

The remaining portion of Babu's second issue and the entirety of her first issue focus solely on Zeeck's probable right to recover. As we noted previously, a party seeking a temporary injunction must plead and prove a probable right of recovery. *See Butnaru*, 84 S.W.3d at 204. However, an appeal of a temporary injunction based upon this ground is problematic because "a party may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits." *Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 364. As noted by the Dallas Court of Appeals:

> Furthermore, no final judgment exists for this Court to affirm or reverse. However we dispose of this appeal, the trial court will still have to resolve the case on the merits and render a final judgment, which will be subject to appeal. Therefore, any determination we may make as to the issues presented . . . in this appeal would be advisory.

*Id.* at 365. The court in *Dallas/Fort Worth International Airport Board* declined to reach the merits of the appellant's arguments until the trial court had an opportunity

4

to consider them on a full trial of the merits for the reason that an appellate court has no jurisdiction to issue advisory opinions. *Id.* (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam)).

Babu's first issue and the bulk of her second issue essentially present the merits of the underlying controversy for our determination. A party may not use an appeal of a temporary injunction to obtain an advance ruling on the merits. *Id.* In light of the foregoing authority, we do not address Babu's first issue and the remainder of her second issue because they have not fully been developed in a trial on the merits. To make judgments on those matters would constitute an advance ruling on the merits and would amount to an advisory opinion, which we are not permitted to issue. *Id.*; *see Layton v. Ball*, 396 S.W.3d 747, 751 (Tex. App.—Tyler 2013, no pet.).

Moreover, the final trial on the merits has been postponed during the pendency of this appeal. The appeal of a temporary injunction "shall constitute *no cause for delay* of the trial." TEX. R. CIV. P. 683 (emphasis added). Courts have repeatedly disapproved of the practice of postponing the trial on the merits of a case in order to obtain a ruling on the appeal of a temporary injunction. *See Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 366–67 and the cases cited therein. "Generally the most expeditious way of obviating the hardship and [discomfort] of an unfavorable preliminary order is to try the case on its merits and thus secure a hearing wherein the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of controversies." *Id.* at 366 n.7 (quoting *Sw. Weather Research, Inc. v. Jones*, 327 S.W.2d 417, 422 (Tex. 1959)). "The best practice is for the trial judge to set an early trial on the merits, giving it precedence over other cases, at the time he grants a temporary injunction . . . . Such a practice will obviate most interlocutory appeals." *Id.* (alteration in original) (quoting *Reeder v. Intercont'l Plastics Mfg. Co.*, 581 S.W.2d 497, 499 (Tex. Civ. App.—Dallas 1979, no writ)).

Accordingly, we decline to address the merits of Babu's first issue and the remainder of her second issue.

*This Court's Ruling*

We have overruled Babu's second issue in part, and we have determined that her remaining issues are not properly before us at this juncture. Accordingly, we affirm the temporary injunction order issued by the trial court. *See Layton*, 396 S.W.3d at 755 n.4. We urge counsel and the trial court to proceed expeditiously to a trial on the merits.

JOHN M. BAILEY

JUSTICE

October 8, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.