**Dismissed and Opinion Filed October 19, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-00320-CV**

**DK8, LLC, HBT LAND, LLC, AND KENNETH L. SCHNITZER, JR., AN INDIVIDUAL, Appellants**

**V.**

**HBT JV, LLC, A TEXAS LIMITED LIABILITY COMPANY, AND VICTOR BERNAL, AN INDIVIDUAL, Appellees**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-00270**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Francis

This is an accelerated interlocutory appeal from a temporary injunction. Appellants DK8, LLC, HBT Land, LLC, and Kenneth Schnitzer, Jr., an individual, contend the trial court abused its discretion in granting the injunction because appellees HBT JV, LLC, a Texas limited liability company, and Victor Bernal, an individual, cannot show a probable right of recovery or irreparable harm. Appellants further contend the bond set by the trial court is insufficient to protect them from the potential damages caused by the temporary injunction. We conclude this appeal constitutes an improper attempt to obtain an advisory opinion on the merits. We decline to address the issues presented and dismiss the appeal

To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002). In an appeal from an order granting or denying a temporary injunction, the merits of the underlying case are not presented for review. *See Brooks v. Expo Chem. Co. Inc.*, 576 S.W.2d 369, 370 (Tex. 1979. Appellate review is strictly limited to determining whether there has been a clear abuse of discretion by the trial court. *See Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 364 (Tex. App.—Dallas 2010, no pet.).

In this appeal, appellants contend the temporary injunction should be dissolved, either in whole or in part, because Bernal cannot show a probable right of recovery. Their brief on appeal focuses almost entirely on the merits of Bernal's claims. After this appeal was filed, appellee filed a motion for partial summary judgment in the trial court addressing the identical issues raised by appellants here. In their response to the motion, appellants repeatedly urged the trial court to refrain from ruling on the merits of the motion stating "there is no reason for the [trial court] to rule on these issues prior to the court of appeal's opinion."[1] In the alternative, appellants requested the trial court deny the motion because a denial would not "affect the potential relief" that this Court might grant. Indeed, appellants argued

> [t]he two legal issues in Bernal's Motion are fully briefed to the Dallas Court of Appeals and oral argument is set for October 4, 2016. Depending on how the appellate court rules, Bernal can renew his motion for summary judgment or Defendants can file their anticipated cross-motion for summary judgment. Nothing will be lost by waiting for guidance from the Dallas Court of Appeals. And very little will be gained by a potentially inconsistent ruling from this Court on Bernal's Motion at this time.

---

[1] Although Bernal's motion for summary judgment and appellants' response to the motion are not a part of the record on appeal, we may sua sponte take judicial notice of matters of public record. TEX. R. EVID. 201; *Langdale v. Villamil*, 813 S.W.2d 187, 189–90 (Tex. App.—Houston [14th Dist.] 1991, no writ).

A hearing was held on the motion for partial summary judgment on September 13, 2016. Although the parties informed us during oral argument that the trial court orally denied the motion at the conclusion of the hearing, to date no written order on the motion has been entered in the trial court's record.

A party may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits. *Id.* We have considered and disapproved of this tactic many times in the past. *See e.g. id.*; *Reeder v. Intercontinental Plastics Mfg. Co. Inc.*, 581 S.W.2d 497, 499 (Tex. App.—Dallas 1979, no writ); *Hiss v. Great N. Am. Cos., Inc.* 871 S.W.2d 218, 220 (Tex. App.—Dallas 1993, no writ); *Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex. App.—Dallas 2010, no pet.); *Senter Invs., L.L.C. v. Veerjee*, 358 S.W.3d 841, 846 (Tex. App.—Dallas 2012, no pet.). Such a practice delays the ultimate resolution of the merits of the parties' dispute and wastes judicial resources. *See Barnett v. Manuel Griego, Jr.,* 337 S.W.3d 384, 387 (Tex. App.—Dallas 2011, no pet.). However we dispose of this appeal, the trial court will still have to resolve the case on the merits and render a final judgment which will be subject to an appeal that would bring the issues before us for a second time. *See Dallas/Fort Worth Int'l Airport Bd.,* 335 S.W.3d at 365. Generally the most expeditious way to obviate the hardship caused by an unfavorable preliminary order is to try the case on the merits and thus secure a hearing in which the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of the controversies. *See Babu v. Zeek*, 478 S.W.3d 852, 855 (Tex. App.—Eastland 2015, no pet.).

In the trial court, appellants relied on Texas Rule of Appellate Procedure 29.5 to contend that any ruling by the trial court other than a denial of appellees' motion for summary judgment would interfere with or impair the jurisdiction of this Court or the effectiveness of any relief they have sought or we might grant. *See* TEX. R. APP. P. 29.5. Under appellants' proffered

application of the rule, a trial court could never address the merits of a party's claims while an appeal of a temporary injunction was pending. This is directly contrary to both section 51.014 of the Texas Civil Practice and Remedies Code and rule 683 of the Texas Rule of Civil Procedure. Section 51.014 expressly excludes appeals from temporary injunctions from those interlocutory appeals that stay commencement of a trial in the trial court pending resolution of the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2016). Rule 683, which governs the form and scope of injunctive orders, states that "the appeal of a temporary injunction shall constitute no cause for delay of the trial." TEX. R. CIV. P. 683. A summary judgment proceeding is a trial within the meaning of the rules of civil procedure. *See AmeriPath, Inc.v. Hebert*, 447 S.W.3d 319, 344 (Tex. App.—Dallas 2014, pet. denied).

Appellants explicitly attempted to delay having the trial court rule on the merits of the issues pending before us in an effort to obtain an advisory opinion from this Court. It is particularly disconcerting that appellants attempted to delay final resolution of matters that were already presented and argued to the trial court. *See Brar*, 307 S.W.3d at 920. The record below, as well as on appeal, demonstrates that both sides are ready to present these issues to the trial court on the merits and appellants stated during oral argument that these issues are "purely legal" in nature. Appellants' response to Bernal's motion for summary judgment states that they are waiting to file their "anticipated cross-motion for summary judgment" until they receive "guidance" from this Court. Judicial economy dictates that we not reward this behavior. *See Dallas/Fort Worth Int'l Airport Bd.,* 335 S.W.3d at 366. Accordingly, we decline to address

appellant's arguments and we dismiss this appeal. *See Hiss*, 871 S.W.2d at 220.


        /Molly Francis/
        MOLLY FRANCIS
        JUSTICE

160320F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DK8, LLC, HBT LAND, LLC; AND
KENNETH L. SCHNITZER, JR., AN
INDIVIDUAL, Appellant

No. 05-16-00320-CV          V.

HBT JV, LLC, A TEXAS LIMITED
LIABILITY COMPANY, AND VICTOR
BERNAL, AN INDIVIDUAL, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-00270.
Opinion delivered by Justice Francis.
Justices Stoddart and Schenck participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees HBT JV, LLC, A TEXAS LIMITED LIABILITY COMPANY, AND VICTOR BERNAL, AN INDIVIDUAL recover their costs of this appeal from appellants DK8, LLC, HBT LAND, LLC; AND KENNETH L. SCHNITZER, JR., AN INDIVIDUAL.

Judgment entered October 19, 2016.