**Opinion filed May 31, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00331-CV

_____

## PRODUCTION LIFT COMPANIES, INC. AND WIRELINE SERVICES, INC., Appellants

## V.

## RAFAEL VALDEZ AND KENNY ORTIZ, Appellees

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Cause No. CC19833**

### M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the denial of a temporary injunction. We conclude that this appeal seeks an impermissible advisory opinion from this court in the form of an advance ruling on the merits. We dismiss the appeal.

In August 2017, Appellees, Rafael Valdez and Kenny Ortiz, resigned their employment with Appellants, Production Lift Companies, Inc. and Wireline

Services, Inc. (collectively, Production Lift[1]), and immediately began working for one of Production Lift's competitors. Production Lift sued Valdez and Ortiz, alleging they breached covenants not to compete that they signed while employed by Production Lift. Production Lift requested the trial court to issue a temporary injunction prohibiting Valdez and Ortiz from working for their new employer or for any other competitor of Production Lift within the Permian Basin during the pendency of the suit. The trial court denied the requested temporary injunction, and Production Lift filed this interlocutory appeal from that denial.

To obtain a temporary injunction, the applicant must plead and prove the following: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The only issue before the trial court in a temporary injunction hearing is whether the applicant is entitled to preserve the status quo pending trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam).

A party may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits of an issue. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981); *Babu v. Zeeck*, 478 S.W.3d 852, 855 (Tex. App.—Eastland 2015, no pet.). Therefore, in an interlocutory appeal from the trial court's ruling on a request for a temporary injunction, an appellate court should decline to reach arguments as to the merits of the case. *Henry v. Cox*, 520 S.W.3d 28, 33–34 (Tex. 2017) ("We limit the scope of our review to the validity of the [temporary injunction] order, without reviewing or deciding the underlying merits . . . ."); *Fuentes v. Union de Pasteurizadores de Juarez Sociedad Anonima de Capital Variable*, 527 S.W.3d 492, 499 (Tex. App.—El Paso 2017, no pet.). Appellate

---

[1]Appellants are affiliated companies.

review is limited to determining whether the trial court abused its discretion by granting or denying the requested relief. *Butnaru*, 84 S.W.3d at 204.

In its brief, Production Lift focuses its arguments on the merits of the ultimate issues to be decided in this case. Production Lift argues that the covenants not to compete were ancillary to an otherwise enforceable agreement, supported by adequate consideration, and enforceable against Valdez and Ortiz. Production Lift specifically prays that this court "reverse the trial court's order and . . . enforce the Agreement," the same relief Production Lift would seek in a trial on the merits. Production Lift does not explain in its brief how the trial court erred by failing to find that Production Lift established a likelihood of prevailing on the merits and that it had suffered a probable irreparable injury. In fact, Production makes no argument concerning irreparable injury in its original brief.

After Valdez and Ortiz pointed out in their brief that Production Lift had improperly requested this court to review the merits of the enforceability of the covenants not to compete, Production Lift filed a reply brief in which it argued that the trial court abused its discretion by conducting an improper review of the merits at the temporary injunction hearing. Production Lift also addressed the irreparable injury element for the first time in its reply brief. We decline to address issues raised for the first time in a reply brief. *See Baker v. Hertel*, No. 11-13-00152-CV, 2015 WL 1469527, at *2 (Tex. App.—Eastland Mar. 26, 2015, no pet.) (mem. op.); *McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court.").

Any determination we might make on the arguments presented by Production Lift would constitute an impermissible advisory opinion on the merits of its claims. *See Babu*, 478 S.W.3d at 855; *Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 365–66 (Tex. App.—Dallas 2010, no

3

pet.). We have no jurisdiction to issue advisory opinions. *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam). Resolution of issues on their merits must await an appeal from a final judgment in the underlying suit. *Hiss v. Great N. Am. Cos.*, 871 S.W.2d 218, 220 (Tex. App.—Dallas 1993, no writ). Thus, in resolving this appeal, we expressly decline to reach the ultimate issue of whether the covenants not to compete are enforceable. *See Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 885 (Tex. App.—Dallas 2003, no pet.).

Further, the appeal of a trial court's decision on an application for a temporary injunction "shall constitute no cause for delay of the trial." TEX. R. CIV. P. 683. Appeals from temporary injunction proceedings are expressly excluded from the automatic stay provisions of Section 51.014 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2018); *Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex. App.—Dallas 2010, no pet.). At the outset of this appeal, we requested that the parties advise us of the trial court's setting of the trial on the merits in this case. The parties have not advised the court that the case has been set for trial on the merits, and we have confirmed with the clerk of the trial court that the case has not been set for trial on the merits.

The fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits. *Babu*, 478 S.W.3d at 855; *see also Sw. Weather Research, Inc. v. Jones*, 327 S.W.2d 417, 422 (Tex. 1959). In order to reduce the need for interlocutory appeals, a trial court should proceed expeditiously from the grant or denial of temporary injunctive relief to full consideration of the merits of the dispute. *Babu*, 478 S.W.3d at 855–56; *Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 366 n.7. We cannot condone the failure to pursue the trial on the merits of the underlying case in an effort to obtain an opinion from this court regarding whether the covenants not to compete are enforceable against Valdez and Ortiz. *See Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 367; *see also Babu*, 478 S.W.3d

at 855–56. "[J]udicial economy dictates that we not reward such efforts." *Barnett v. Manuel Griego, Jr., D.O., P.A.*, 337 S.W.3d 384, 387 (Tex. App.—Dallas 2011, no pet.). Moreover, the trial court's refusal to grant a temporary injunction was based on the record presented at the temporary injunction hearing. We will not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits. *See Cobb*, 109 S.W.3d at 885.

Because Production Lift seeks an advisory ruling on the merits of the enforceability of the covenants not to compete and because the parties have not proceeded expeditiously to try the merits of Production Lift's claims, we decline to address Production Lift's complaints on appeal.

*This Court's Ruling*

We dismiss this interlocutory appeal.


JOHN M. BAILEY
CHIEF JUSTICE


May 31, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.