# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00593-CV

Comed Medical Systems, Co., Ltd. d/b/a GEMSS Medical and
GEMSS North America Inc., f/k/a GEMSS USA Inc., Appellants

v.

AADCO Imaging, LLC and AADCO Medical Inc., Appellees

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 14-0486-C26, HONORABLE RICK J. KENNON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal of a temporary injunction ancillary to pending arbitration proceedings. With the exception of one narrow feature of the order that must be modified, we will affirm the order.

## BACKGROUND

The appellants (collectively, "GEMSS") are affiliated entities that manufacture medical equipment. In May 2013, GEMSS executed a "Master Distribution Agreement" (MDA) with appellee AADCO Imaging, LLC, whereby AADCO would serve as an exclusive distributor of GEMSS products in the United States and Canada for a minimum of one five-year term, subject to

earlier termination by GEMSS in the event of certain acts or omissions by AADCO.[1]  The parties also agreed, among other additional terms within the MDA, that "[a]ny dispute related to the interpretation or enforcement of the provisions of this Agreement" would be subject to binding arbitration under AAA rules, with Texas law governing enforcement and judicial review of any award.

To summarize the ensuing events, the parties' dealings did not go smoothly, with each accusing the other of breaching various obligations under the MDA.  Matters eventually deteriorated to the point that AADCO began explicitly refusing to pay GEMSS for product shipments, ostensibly to force GEMSS to "come[] into full compliance" with MDA requirements relating to product quality and sales support, while GEMSS disputed the extent of any such breaches and repeatedly demanded payment.  Ultimately, in May 2014, GEMSS purported to terminate the MDA based on AADCO's "repeated failures" to pay it for product and commenced arbitration proceedings to recover the sums—approximately $600,000—allegedly due and owing.  Pending arbitration of these claims, and in order to preserve assets it viewed as likely necessary to satisfy any eventual award against AADCO, GEMSS also obtained from the district court a temporary restraining order and, subsequently, a temporary injunction restraining AADCO from damaging, encumbering, or disposing of three GEMSS machines that remained in AADCO's inventory.  Although integral to an understanding of the underlying dispute, this temporary injunction order is not itself challenged on appeal.

---

[1]  While an entity known as AADCO Medical, Inc., is also a party to the underlying litigation, the issues on appeal concern only AADCO Imaging.  For brevity, we use "AADCO" to refer solely to AADCO Imaging, as did the district court.

The parties' dispute escalated further after GEMSS, relying on its purported termination of the MDA, announced publicly that it had ended AADCO's exclusive distributorship and began marketing for sales through other means.  AADCO demanded that GEMSS cease such actions, asserting that the MDA and AADCO's exclusive-distribution rights under it had remained in full effect because the agreement imposes, as a condition precedent on GEMSS's right of early termination, a requirement that GEMSS first cure its own breaches of the MDA, and that GEMSS had not yet done so.  GEMSS has disputed both the alleged breaches and this view of the MDA, insisting that even an "improper" termination on its part would still have had the legal effect of ending its obligations under the agreement.[2]  Relatedly, AADCO and GEMSS have contested the range of GEMSS products that would be subject to any exclusive-distribution rights AADCO possessed by virtue of the MDA—while AADCO has contended that its rights encompassed any and

---

[2]  The parties have joined issue regarding the proper construction of the MDA's provision governing GEMSS's right of termination, which states in relevant part:

> Without limitation, the following events shall constitute grounds for termination by [GEMSS], subject to completion of all obligations of [GEMSS] outstanding as of the date of termination, in a reasonable and business like manner:
>
> . . .
>
> (2)     if [AADCO] repeatedly fails to meet any other of its obligations hereunder, after appropriate notice and opportunity to cure any and all failures, provided that such failure must be material in terms of economic obligation related to payment for Product.

GEMSS acted under color of paragraph (2) in purporting to terminate the MDA, citing AADCO's "repeated failures" to pay it for product.  In asserting that the MDA had remained in effect nonetheless, AADCO has construed the preceding phrase "subject to completion of all obligations of [GEMSS] outstanding as of the date of termination, in a reasonable and business like manner" as a condition precedent for any right of GEMSS to terminate the agreement.

3

all GEMSS products sold in the U.S. or Canada, GEMSS has insisted that such rights would extend only to certain product models specifically mentioned within the MDA.[3]

To enforce and protect the exclusive-distribution rights it claimed, and citing GEMSS's actions that would be inconsistent with those rights, AADCO filed its own application for injunctive relief and "counterpetition for damages" founded on alleged causes of action for breach of contract, unfair competition, tortious interference with contract and prospective business advantage, and unjust enrichment. AADCO requested two sets of injunctive relief, one of which was aimed at halting the pending arbitration proceedings. In the view that "many" of its claims were not subject to the MDA's arbitration provision, AADCO requested that the district court stay the arbitration proceedings "pending adjudication of the claims before this Court" "to prevent potentially contradictory decisions as to the AAA's jurisdiction and the enforceability and scope of the [MDA's] arbitration provision." GEMSS countered with a motion to compel arbitration, to which AADCO objected. The district court ultimately denied AADCO's motion to stay arbitration, ordered instead that judicial proceedings on AADCO's claims be stayed, and compelled GEMSS and AADCO to

---

[3] In this regard, the parties have disputed the meaning and effect of MDA language stating that AADCO "shall act as a Master Distributor of [GEMSS's] Products *as described in the attached Exhibit A* ("Products") throughout the entire territory of the United States and Canada." (Emphasis added). The referenced Exhibit A, in turn, is titled "Product Line, Product Specifications and Brand Names," and consists of two sections with the headings "C-arm products" and "DR Products." Within the former section are descriptions of five "primary c-arm products." Within the "DR Products" section, however, is the following statement: "Other Products will be added to this list in connection with launch and distribution of other Manufacturer Products made available to the market."

4

"submit to arbitration all disputes related to the interpretation or enforcement of the [MDA]."[4] Neither party complains of this order on appeal.

The other injunctive relief AADCO requested was aimed at restraining GEMSS's actions in derogation of AADCO's claimed exclusive-distribution rights during the interim before a decision on the merits. On this request, AADCO succeeded in obtaining a TRO and, following an evidentiary hearing, a temporary injunction compelling GEMSS to immediately:

(1)    cease the publication of all communications, written, oral, or electronic[,] stating that the [MDA] has been terminated or is ineffective;

(2)    remove statements to that effect [that] [GEMSS] ha[s] posted on the internet or provided to current and potential AADCO dealers, distributors, end users, and other third parties; and

(3)    cease all sales of equipment in the United States and Canada other than for distribution through AADCO pursuant to the [MDA].

The temporary injunction order elaborated that, in the district court's view, AADCO had shown a "probable right to relief" on its claims in light of evidence tending to support AADCO's theory that its exclusive-distribution rights under the MDA had not yet terminated. The court specifically quoted language from the MDA stating that "any termination of the Agreement is 'subject to completion of all obligations of [GEMSS] outstanding as of the date of termination'"—the same provision on which AADCO had relied in support of its theory that the Agreement imposed a

_____

[4] In the same order, the district court declined to compel arbitration of claims GEMSS had asserted against AADCO Medical, but "d[id] not prohibit AADCO Medical, Inc. from being included in the arbitration proceedings if the parties decide it would be beneficial in resolving the case."

condition precedent on GEMSS's right of termination—and cited "evidence that . . . [GEMSS] had failed to perform [its] obligations under the Agreement despite being on notice for many months from AADCO of [its] failure to meet [its] contractual obligations." The district court likewise found that AADCO had shown imminent and irreparable injury if it did not grant the relief. It cited "evidence that [GEMSS] ha[s] been and continue[s] to publicize that . . . [it] ha[s] terminated the Agreement and . . . [is] attempting to sell [its] product directly or through other dealers and distributors than AADCO." If this conduct persisted, the court further found, there was evidence that "these actions will cause imminent and irreparable harm to AADCO's current and future revenue, reputation in the marketplace, dealer and distribution network, and investment in marketing [GEMSS's] products . . . threaten[ing] to put AADCO out of business."

While thus enforcing and protecting AADCO's claimed exclusive-distributorship rights pending disposition of the merits, the district court also provided that GEMSS was "under no obligation to provide additional units to AADCO (other than the 15 units in AADCO's current inventory)." Further, noting the injunctive relief it had granted in favor of GEMSS and its "wish to further preserve the status quo and [GEMSS's] ability to enforce any judgment or award [it] may receive in this matter," the district court ordered that while AADCO could sell any of the GEMSS units remaining in its inventory other than the three subject to GEMSS's temporary injunction, AADCO was required to deposit its net proceeds from those sales in an escrow account maintained by its attorney. Additionally, the order required AADCO to post bond in the amount of $50,000.[5]

---

[5] *See* Tex. R. Civ. P. 684.

6

It is from this temporary injunction that GEMSS appeals.[6]

## ANALYSIS

GEMSS brings four issues on appeal. In its first issue, GEMSS asserts that various features of AADCO's temporary injunction render it void for failure to comply with the requirements of Texas Rule of Civil Procedure 683 that such orders "shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained."[7] In its second issue, GEMSS insists that order's prohibition against "publication of all communications . . . stating that the [MDA] has been terminated or is ineffective" is an unconstitutional prior restraint. In its third issue, GEMSS contends that AADCO failed to plead or present evidence that it would incur irreparable injury absent injunctive relief. Finally, in its fourth issue, GEMSS argues in the alternative that the district court abused its discretion by requiring an insufficient bond.

Both sides agree that AADCO's entitlement to its temporary injunction is governed by the familiar equitable principles applicable to such claims. A temporary injunction is an "extraordinary remedy" whose purpose is to preserve the status quo of the litigation's subject matter pending a decision on the merits.[8] To obtain a temporary injunction, an applicant must plead

---

[6] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

[7] Tex. R. Civ. P. 683; *see InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam) ("The requirements of Rule 683 are mandatory and must be strictly followed" and if "a temporary injunction order does not adhere to the requirements . . . [it] is subject to being declared void and dissolved.").

[8] *See, e.g., Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993).

and present evidence of three elements: (1) a cause of action against the defendant; (2) a "probable right" to the relief sought (which means alleging a cause of action and presenting some evidence tending to sustain it[9]); and (3) a probable, imminent, and irreparable injury in the interim.[10]  An "irreparable" injury refers to one that is incapable of being compensated adequately in damages or if the damages cannot be measured by any certain pecuniary standard.[11]

Consistent with the purposes of a temporary injunction, an appeal of such an order does not present the merits of the underlying case for review, but only whether the trial court abused its discretion in determining whether or not the applicant is entitled to the preservation of the status quo pending determination of those merits.[12]  This limitation on "premature review of the merits" via an appeal of a temporary injunction derives in part from the right to trial by jury on

---

[9]  *See Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 897 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (making this observation and further emphasizing that applicant "need not show that it will prevail at trial" or "a probability that the applicant will prevail at trial") (citing *Butnaru*, 84 S.W.3d at 211; *Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. 1961); *Anderson Oaks (Phase I) Ltd. P'ship v. Anderson Mill Oaks, Ltd.*, 734 S.W.2d 42, 44 n.1 (Tex. App.—Austin 1987, no writ)).

[10]  *Butnaru*, 84 S.W.3d at 204.

[11]  *Id.*; *see also Intercontinental*, 354 S.W.3d at 895 (observing that this requirement incorporates the concept of lacking an "adequate remedy at law," "one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief").

[12]  *See Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978); *accord Texas Dep't of State Health Servs. v. Holmes*, 294 S.W.3d 328, 333-34 (Tex. App.—Austin 2009, pet. denied) (rejecting appellate challenge to temporary injunction preserving applicant's right to continue using laser hair removal device on basis that such use was illegal; observing that "[a] trial judge does not commit a clear abuse of discretion in issuing a temporary injunction where, as here, the question of whether the status quo constitutes illegal conduct 'is the central question of the suit'" (quoting *City of Arlington v. City of Fort Worth*, 873 S.W.2d 765, 769 (Tex. App.—Fort Worth 1994, writ dism'd w.o.j.)).

the merits,[13] and some of our sister courts have also suggested that such "advance rulings on the merits" would amount to advisory opinions.[14] Similar concerns—and some important additional ones—apply where, as here, private parties have contractually agreed to resolve disputes through binding arbitration.

When parties have entered into a valid agreement to arbitrate, it is axiomatic that courts are empowered to do little more than stay further judicial proceedings regarding that dispute and enforce that agreement.[15] However, as GEMSS emphasized below in support of its own injunctive claims, the Texas Arbitration Act (TAA)[16] provides courts a limited authorization to issue certain types of orders "in support of arbitration,"[17] as opposed to the merits,[18] and such relief expressly may include an order to "restrain or enjoin . . . the destruction of all or an essential part

---

[13] *See Davis*, 571 S.W.2d at 861-62.

[14] *See Dallas/Fort Worth Int'l Airport Bd. v. Association of Taxicab Operators, USA*, 335 S.W.3d 361, 364-66 (Tex. App.—Dallas 2010, no pet.).

[15] *See* Tex. Civ. Prac. & Rem. Code § 171.021; *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) (in case governed by Texas Arbitration Act (TAA), explaining that if claim falls within scope of valid arbitration agreement, court has no discretion but to compel arbitration and stay its own proceedings); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753-54 (Tex. 2001) (applying same rule to claims governed by Federal Arbitration Act (FAA)).

[16] *See generally* Tex. Civ. Prac. & Rem. Code §§ 171.001-.098.

[17] *Id*. § 171.086.

[18] *See In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) (orig. proceeding) (per curiam) (emphasizing that TAA's authorization for certain pre-arbitration discovery under section 171.086 "is not an authorization to order discovery as to the merits of the underlying controversy" and granting mandamus relief from a discovery order that exceeded those bounds).

9

of the subject matter of the controversy."[19] That is the nature of both temporary injunctions granted by the district court, which seek to preserve the status quo pending resolution of the merits, which will occur via arbitration in the first instance, to ensure that any remedy ultimately obtained is meaningful. With regard to the temporary injunction obtained by AADCO, the order seeks to preserve the company's contracted-for advantageous position as GEMSS's exclusive U.S.-Canada distributor—and, ultimately, the district court found, its viability as a business—pending arbitration and any subsequent judicial proceedings to resolve the merits of the parties' dispute regarding AADCO's present contractual entitlement to its exclusive-distributor status and its scope. To the extent our review of that injunction would stray into the merits themselves, we would exceed not only the general parameters of our appellate review of such orders, but the additional statutory limitations on judicial power vis a vis that of the arbitrator.[20]

Within the proper scope of our review—whether the district court abused its discretion in its decision to preserve the status quo as it did—we do not substitute our judgment unless the district court's action was so arbitrary that it exceeded the bounds of reasonable

---

**[19]** *Id*. § 171.086(a)(3)(A). GEMSS has thus presumed that the TAA governs the availability of injunctive relief pending arbitration in this case, and AADCO has not argued to us otherwise. *Cf. Frontera Generation Ltd. P'ship v. Mission Pipeline Co.*, 400 S.W.3d 102, 108-10 (Tex. App.—Corpus Christi, 2012, no pet.) (discussing split among both Texas and federal courts as to permissibility of "status-quo" injunctions pending arbitration that is governed by FAA, but ultimately holding that FAA permits such relief).

**[20]** *See Senter Invs., L.L.C. v. Veerjee*, 358 S.W.3d 841, 846-47 (Tex. App.—Dallas 2012, no pet.) (in appeal of temporary injunction preserving status quo pending arbitration, rejecting arguments that went to merits of the dispute subject to arbitration) (citing *Dallas/Fort Worth Int'l Airport Bd.*, 335 S.W.3d at 364-65).

discretion.[21] We review the evidence before the district court in the light most favorable to that court's ruling, draw all reasonable inferences from the evidence, and defer to the district court's resolution of conflicting evidence.[22] A trial court does not abuse its discretion if it heard conflicting evidence, and evidence appears in the record that reasonably supports the trial court's decision.[23]

With the foregoing limitations on our review in mind, we can quickly dispense with many of GEMSS's appellate complaints. Although styling the arguments in terms of other legal rubrics, several of GEMSS's contentions ultimately seek or presume a favorable resolution on the merits of its contract-interpretation and enforcement dispute with AADCO. For example, GEMSS urges that the order's requirement that it "cease all sales of equipment in the United States and Canada other than for distribution through AADCO pursuant to the [MDA]" violates Rule 683 because it fails to reasonably identify particular types of equipment it must sell only through AADCO without reference to the MDA. This argument both ignores the phrase "cease *all sales* of equipment in the United States and Canada" and presumes the validity of its position on the merits that AADCO's exclusive-distributorship rights under the MDA extend only to models mentioned specifically in that agreement, not, as AADCO contends, all products GEMSS sells there. Similarly, GEMSS's contention that the order's prohibition against statements "that the [MDA] has been terminated or is ineffective" is an unconstitutional "prior restraint" turns in part on whether or not

---

[21] *Butnaru*, 84 S.W.3d at 204.

[22] *See Davis*, 571 S.W.2d at 862; *INEOS Grp. Ltd. v. Chevron Phillips Chem. Co., L.P.*, 312 S.W.3d 843, 848 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

[23] *ICON Benefit Adm'rs II, L.P. v. Abbott*, 409 S.W.3d 897, 902 (Tex. App.—Austin 2013, pet. denied) (citing *Butnaru*, 84 S.W.3d at 211; *Davis*, 571 S.W.2d at 862; *INEOS*, 312 S.W.3d at 848).

the MDA has, in fact, terminated,[24] an issue at the heart of the parties' dispute on the merits. Also falling into this category are complaints by GEMSS that the order improperly "resurrects" a now-terminated MDA or is somehow unclear that it has such effects—as previously described, the order quite plainly preserves AADCO's disputed exclusive-distribution rights pending resolution of the merits, and whether those rights actually exist will be determined at that time. The fact that some of these issues will turn on construction of what GEMSS regards as unambiguous contractual language does not change the analysis, but instead confirms that they are "dispute[s] related to the interpretation or enforcement of the [MDA's] provisions" that are initially for the arbitrator rather than this Court.[25] In short, none of these arguments demonstrate any abuse of discretion by the district court in its decision to *preserve the status quo* pending determination of the merits, as opposed to the merits themselves, and the former is our proper focus here.

As for GEMSS's other arguments challenging the issuance of the temporary injunction, it insists that AADCO failed to plead or present evidence that it would incur irreparable injury absent injunctive relief and that the order failed to specify these "reasons for its issuance" with the specificity required by Rule 683. We have summarized the contents of the order above, and it refutes GEMSS's complaints regarding specificity, which emphasize selective and narrow excerpts

---

[24] *See AEP Tex. Commercial & Indus. Retail Ltd. P'ship*, 436 S.W.3d 890, 922-24 (Tex. App.—Austin 2014, no pet.) (explaining that prohibitions against false or misleading commercial speech does not implicate constitutional speech protections).

[25] *See Senter Invs.*, 358 S.W.3d at 847 & n.11 (rejecting "argument that the lease is unambiguous and should be interpreted as a matter of law" in context of appeal of temporary injunction preserving status quo pending arbitration where parties had agreed that such disputes were to be arbitrated).

from the order while ignoring broader language and context. GEMSS's challenge to the pleadings and evidence underlying these findings suffers similar flaws.

But one of GEMSS's complaints about the order's contents gives us greater pause. As GEMSS points out, the requirement that it "cease the publication of all communications . . . stating that the [MDA] has been terminated or is ineffective" would, literally read, prohibit GEMSS from advocating in arbitration or litigation its position that the MDA is terminated. While perhaps unlikely that AADCO would ever seek to enforce the order in this way, it remains that the order would facially prohibit such advocacy, implicating the constitutional concerns GEMSS has raised, among others. To this extent only, we conclude that the district court abused its discretion with respect to the breadth of the prohibition it imposed against "communications . . . stating that the [MDA] has been terminated or is ineffective." We emphasize, however, that we find no other abuse of discretion in the district court's imposition of that restriction, or any other prohibition in the order, pending disposition of the merits. We likewise find no abuse of discretion in regard to the amount of bond ordered by the district court.

**CONCLUSION**

As one of our sister courts has observed, "the fastest way to cure any hardship from a preliminary order is to proceed expeditiously to a full consideration of the merits of the dispute," and it is also the way most consistent with the goals of arbitration where, as here, the parties have agreed to resolve disputes that way.[26] But as for this appeal GEMSS has chosen to pursue in the

---

[26] *Id*. at 847-48.

13

meantime, we overrule its issues and affirm the district court's temporary injunction in favor of AADCO, with one narrow exception—the order's requirement that GEMSS "cease the publication of all communications . . . stating that the [MDA] has been terminated or is ineffective," to the extent it prohibits GEMSS from advocating its positions in the pending arbitration proceedings or any subsequent or related judicial proceedings. The order is remanded to the district court for further proceedings to address that feature of the order, and we trust that it will fashion some appropriate limiting language in that regard.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed in part; Reversed and Remanded in part

Filed:   February 25, 2015