### Mohammad ALIM, Appellant

v.

### KBR (KELLOGG, BROWN & ROOT)—HALLIBURTON, Appellee.

No. 05-09-00395-CV.

Court of Appeals of Texas, Dallas.

Jan. 10, 2011.

---

Kendal B. Reed, Dallas, TX, Mohammad Alim, Houston, TX, for Appellant.

Julie I. Ungerman, Hunton & Williams, L.L.P., Dallas, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG.

## OPINION

Opinion By Justice JIM MOSELEY.

Mohammad Alim appeals the trial court's order denying his petition to vacate an arbitration award and granting KBR, Inc.'s[1] cross-motion to confirm the award. Alim argues the arbitrator, Scott Rosuck,

---

1. KBR indicates it was improperly identified in the suit below as KBR (Kellogg, Brown & Root)-Halliburton.

failed to disclose, among other things, that he had served as an arbitrator in a prior case involving KBR's party representative and a related company. We conclude the arbitrator failed to disclose facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiality. Accordingly, we reverse the trial court's order, vacate the arbitration award, and remand for further proceedings.

According to the arbitration award, Alim worked for Halliburton Energy Services from 2001 through 2002, was laid off, and remained unemployed until he was hired by KBR in 2004. In 2007, Alim filed an arbitration claim for employment discrimination, breach of contract, and retaliation against Kellogg, Brown, & Root–Halliburton pursuant to the Halliburton Dispute Resolution Plan. Under the plan, employees of Halliburton, Inc. and its subsidiaries agreed to binding arbitration of employment and other disputes before a neutral arbitrator selected by the parties. The dispute resolution plan is expressly governed by the Federal Arbitration Act (FAA). See 9 U.S.C. §§ 1–16 (2006).

After both parties exercised their strikes from a list of proposed arbitrators, the American Arbitration Association (AAA) appointed Rosuck as arbitrator. In his notice of appointment, Rosuck answered "No" to the following question: "Have any of the party representatives, law firms or parties appeared before you in past arbitration cases?" In that same notice, Rosuck then attested, under oath, that he had "diligently conducted a conflicts check" and that he had "performed [his] obligations and duties to disclose in accor-

dance with the Rules of the [AAA], Code of Ethics for Commercial Arbitrators and/or all applicable statutes pertaining to arbitrator disclosures."[2]

KBR's party representative was Dean Graves; its attorney was Julie Ungerman. At the beginning of the arbitration hearing, Rosuck said:

> I am truly neutral in the sense that I have no vested interest in—in the outcome of this case. I have no prior relationship with any of the parties or counsel in this case. I have—do not know Mr. Alim. I've—I've not met your—your counsel before. I have over the years come across Ms. Ungerman and Mr. Graves, but in terms of this case, I have absolutely no interest involving Halliburton or—or anything else. . . .

After the conclusion of the hearing and post-hearing briefing, Rosuck issued an award denying all of Alim's claims.

Alim notified the AAA he objected to the award because Rosuck failed to disclose his prior relationship with KBR and its counsel. KBR responded via letter, stating that Rosuck had served as a neutral arbitrator in a matter where Graves represented Halliburton approximately six years earlier and that Ungerman had met Rosuck eleven to twelve years earlier when their firms were representing opposing parties in a lawsuit. KBR argued that the prior contact between the arbitrator, Graves, KBR, and Ungerman was so attenuated and immaterial that it did not give rise to an obligation to disclose. The letter also argued that Alim had waived any objection by not raising it following Rosuck's comment at the beginning of the hearing.

---

2. Rosuck also swore that

> I understand that my obligation to check for conflicts and make disclosures is ongoing for the length of my service as an arbitrator in this matter, and that failing to

> make appropriate and timely disclosure may result in my removal from the case and/or my removal from the AAA's Roster of Neutrals.

Alim filed a petition in the trial court to vacate the award. KBR responded with a counterclaim seeking confirmation of the award and raising the waiver defense to Alim's petition. KBR filed a motion to confirm the award and attached affidavits and documentary evidence. Alim filed a response to the motion to confirm, attached the arbitrator's deposition and documentary evidence, and requested the trial court to grant the petition to vacate the award.

Rosuck testified in his deposition in the proceeding to confirm or vacate the award that he does his conflicts checks from memory and does not maintain a list or database of the parties or representatives who appear before him. He explained that just prior to the start of the hearing, he met Ungerman and they recalled meeting several years before at a deposition. He also testified: "Regarding Mr. Graves, he and I had come across each other in some previous matter. I think he was representing a—a—a party some years earlier in some arbitration some years earlier." Rosuck did not intend his statement at the beginning of the hearing—that he had "come across" Ungerman and Graves in the past—to amend his written disclosure. Rosuck did not think having met Ungerman and Graves in the past constituted a prior relationship that required disclosure. Rosuck also testified that he is the one who decides whether a prior contact is sufficient enough to constitute a conflict. He did not know how many cases he had arbitrated with Halliburton as a party.

According to Graves's affidavit, in 2004 he was the party representative for Halliburton Energy Services in an arbitration before Rosuck. Graves indicated that KBR became independent and was no longer a Halliburton subsidiary on April 1, 2007.

After hearing arguments from the attorneys, the trial court signed an order denying the motion to vacate and granting the cross-motion to confirm the award. Alim appeals.

■ The FAA applies to this proceeding. *See In re Kellogg Brown & Root*, 80 S.W.3d 611, 617 (Tex.App.-Houston [1st Dist.] 2002, orig. proceeding). We review the trial court's order de novo, apply the FAA to substantive matters, and follow Texas law for procedural matters. *See In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 399 (Tex.App.-Dallas 2009, pet. denied); *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex.App.-Dallas 2008, pet. denied).

■ Under the FAA, evident partiality of the arbitrator is a substantive ground for vacating an arbitration award. 9 U.S.C. § 10(a)(2). A neutral arbitrator exhibits evident partiality if he does not disclose facts that might, to an objective observer, create a reasonable impression of the arbitrator's partiality. *Burlington N. R.R. v. TUCO, Inc.*, 960 S.W.2d 629, 636 (Tex.1997); *Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 321 (Tex. App.-Dallas 1999, no pet.) (extending *TUCO* to arbitrations under the FAA). In *TUCO*, the supreme court emphasized that "evident partiality is established from the *nondisclosure itself,* regardless of whether the nondisclosed information necessarily establishes partiality or bias." *TUCO*, 960 S.W.2d at 636 (emphasis original) (citing *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 147, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968)).

■ We recognize, as did the supreme court in *TUCO*, that a neutral arbitrator need not disclose relationships that are trivial. *See TUCO*, 960 S.W.2d at 636. However, the fact that Graves had appeared before Rosuck in a prior arbitra-

tion as a party representative for Halliburton Energy Services—apparently a former employer of Alim—was not a trivial matter. Rosuck was specifically required to disclose if any party representative, such as Graves, had appeared before him in past arbitration cases. In his sworn notice of appointment, he answered that question in the negative. In that same sworn notice of appointment, he also represented that he had diligently conducted a conflicts check, although that check appears to be nothing more than an exercise he conducted from memory.

Rosuck also had an ongoing duty to check for conflicts and to make disclosures throughout his service as an arbitrator. From at least the outset of the arbitration hearing, Rosuck knew Graves had appeared before him as a party representative in a prior arbitration, but Rosuck did not disclose the falsity of his prior representation or amend his response, apparently based on his belief—maintained at least through the date of his post-arbitration deposition—that he was under no requirement to do so and that whether a prior contact is sufficient enough to constitute a conflict is an issue solely for him to decide.

We conclude Rosuck's failure to disclose that Graves had previously appeared before him as a party representative of a related entity was a fact that might, to an objective observer, create a reasonable impression of partiality. The nondisclosure of that fact—and the failure to amend or correct his answer to the question specifically inquiring as to that fact—constitutes evident partiality and is grounds for vacating the arbitration award under the FAA. *See TUCO*, 960 S.W.2d at 636.

KBR relies on its waiver affirmative defense. KBR argues that Alim heard Rosuck's comment at the beginning of the hearing but did not complain until after the arbitrator issued his award. In the context of Rosuck's prior representation—in writing and under oath—that no party representative had appeared before him in a past arbitration, Rosuck's innocuous comment at the beginning of the hearing that he had "come across" Graves in the past does not establish that Alim had knowledge of the undisclosed facts sufficient to support a finding that Alim intentionally waived his right to object to Rosuck or acted inconsistently with claiming that right. *See G.H. Bass & Co. v. Dalsan Props.-Abilene*, 885 S.W.2d 572, 577 (Tex. App.-Dallas 1994, no writ). And KBR cites no other evidence that Alim knew that Graves had appeared before Rosuck in a prior arbitration as a party representative for Halliburton Energy Services.

We sustain Alim's first issue. We need not address his other issues. TEX.R.APP. P. 47.1. We reverse the trial court's order denying the petition to vacate and confirming the award, vacate the arbitration award, and remand for further proceedings.