**Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed May 7, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00869-CV

---

## IN THE MATTER OF THE MARRIAGE OF WILLIAM EDWARD PISKE, JR. AND JAMIE KRIVAN LANGE

---

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2014-59709**

---

## C O N C U R R I N G   O P I N I O N

A neutral arbitrator exhibits evident partiality "if the arbitrator does not disclose facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiality." *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 524 (Tex. 2014); *see also Burlington N. R.R. Co. v. TUCO Inc.*, 960 S.W.2d 629, 630 (Tex. 1997). When a party's rights are prejudiced by an arbitrator's evident partiality in failing to disclose such facts, a trial court shall vacate the arbitration award. Tex. Civ. Prac. & Rem. Code

§ 171.088(a)(2)(A). Appellant Jamie Lange contends and the majority agrees that the arbitrator, Warren Cole, failed to disclose several facts that might, to an objective observer, create a reasonable impression of the arbitrator's partiality. The court therefore reverses the trial court's order denying Lange's motion to vacate the arbitration award, reverses the divorce decree with the exception of the part granting the divorce, and remands for further proceedings.

One undisclosed fact is that the arbitrator and William Piske's counsel, Joan Jenkins, are friends. Jenkins was not involved in the proceedings when the parties selected the arbitrator in 2015. But after she appeared as co-counsel for Piske in January 2017, the arbitrator did not disclose any relationships with Jenkins. While a neutral arbitrator need not disclose trivial connections, the conscientious arbitrator "should err in favor of disclosure." *Tenaska*, 437 S.W.3d at 524. Moreover, an arbitrator's duty to check conflicts and make disclosures exists throughout arbitration proceedings. *See Alim v. KBR (Kellogg, Brown & Root)-Halliburton*, 331 S.W.3d 178, 181-82 (Tex. App.—Dallas 2011, no pet.). This matter was tried to the arbitrator in February and March 2017. Lange learned that Jenkins and Cole were friends on July 12, 2017, when Jenkins emailed Cole requesting a ruling. The arbitrator signed an award on July 15, and issued a clarification and additional award on September 20. Lange first raised the issue of Cole's friendship with Jenkins in a motion to vacate the arbitration award filed on September 29. Lange asserted that she first learned of the friendship from Jenkins' July 12 email and argued that the arbitrator's failure to disclose the relationship constituted evident partiality necessitating the award's vacatur. In response, Piske argued that Lange waived any right to vacate the award based on the arbitrator's alleged evident partiality. The trial court denied Lange's motion to vacate and motion for new trial.

2

I would hold that Lange waived her right to rely on the undisclosed friendship between Cole and Jenkins as a basis to vacate the award because, after learning of the friendship on July 12, Lange took several material actions inconsistent with asserting an objection to the arbitrator's evident partiality based on the friendship. Approximately two weeks after receiving the email, Lange filed a 26-page motion requesting the arbitrator to reconsider and clarify several material aspects of his July 15 award, including asking the arbitrator to change his rulings on the merits. Lange's motion did not raise any objection to the arbitrator's potential bias. On August 23, Lange filed an additional 11-page supplement to her motion for reconsideration and clarification, again requesting substantive relief in her favor from the arbitrator and raising no concern about the arbitrator's potential bias. Cole granted the parties additional time to complete briefing through September and so notified the trial court by letter with copies to all counsel. In his September 6 letter, Cole requested the trial court to reset the matter for September 25. Lange raised no objection to the arbitrator's consideration of the issues outlined in his letter or his communication with the court. Cole issued a clarification and additional award on September 20. Again raising no objection to Cole's potential partiality, one week later Lange filed a request for the arbitrator to issue findings of fact and conclusions of law. Only after requesting reconsideration, clarification, and findings on the merits, and after receiving an unfavorable result, did Lange file on September 29 a motion to vacate the award and a motion for continuance of the trial setting to conduct additional discovery into the relationship between Cole and Jenkins, citing the July 12 email.

A party may waive a challenge to an arbitrator's evident partiality by proceeding to arbitrate despite knowledge of facts giving rise to a partiality objection. *See Tenaska*, 437 S.W.3d at 528; *Kendall Builders, Inc. v. Chesson*, 149

3

S.W.3d 796, 803 (Tex. App.—Austin 2004, pet. denied); *see also Skidmore Energy, Inc. v. Maxus (U.S.) Expl. Co.*, 345 S.W.3d 672, 678 (Tex. App.—Dallas 2011, pet. denied). Waiver is "[the] intentional relinquishment of a known right or intentional conduct inconsistent with claiming it." *In re Media Arts Grp., Inc.*, 116 S.W.3d 900, 909 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Lange's conduct described above is inconsistent with claiming a right to object to the arbitrator's evident partiality based on a friendship between Cole and Jenkins. Lange may not have known the full scope or depth of the friendship in July, but she could have objected and sought discovery to explore the issue at that time. Instead, she repeatedly requested substantive relief from the arbitrator. She objected to the arbitrator's partiality based on the friendship and requested discovery only after losing. On this record, the trial court's implied finding that Lange waived her right to seek vacatur of the award based on evident partiality due to the arbitrator's friendship with Jenkins is supported, and we should defer to it. *See Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017).

At the hearing on her motion to vacate, however, Lange introduced evidence of other undisclosed facts besides the friendship between Cole and Jenkins. Both Cole and Jenkins voluntarily gave deposition testimony on October 18, 2017. The court admitted excerpts from both depositions into evidence at the hearing. The depositions revealed that Cole had served as a mediator in approximately six or seven cases in which Jenkins appeared as counsel, and that Cole served as an arbitrator on at least one other occasion in which Jenkins was counsel. Jenkins also recalled that she once served as an arbitrator in a matter where Cole was counsel. These undisputed facts were not disclosed by Cole and no evidence in our record shows that Lange learned of them until the depositions. Lange cited these

4

facts during the hearing on her motion to vacate as a basis for finding evident partiality.

The family law arbitration rules applicable here stated that the arbitrator would disclose to the parties any circumstance likely to affect impartiality, including "any past or present relationship with the parties or their counsel." That an arbitrator has served previously as a mediator or arbitrator for a party or counsel is a matter arbitration parties would reasonably want to know when deciding whether to agree to a particular arbitrator. A past history serving as a mediator or arbitrator for a party or counsel is not trivial in this circumstance. *See Builders First Source-S. Tex., LP v. Ortiz*, 515 S.W.3d 451, 459 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). The undisclosed facts regarding Cole's and Jenkins's mediation and arbitration history formed an independent ground for Lange's motion to vacate based on evident partiality regardless whether Jenkins and Cole are friends. Lange could not have waived her evident partiality claim based on those facts because she was unaware of them before and during the arbitration proceeding. *See Tenaska*, 437 S.W.3d at 528. Because the mediation and arbitration history between Cole and Jenkins was not disclosed, Lange demonstrated evident partiality and we are thus compelled to vacate the award. I therefore concur in the judgment.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Christopher, Jewell, and Hassan. (Hassan, J., majority).

5